UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ALBERTUS CONNER, JR. | CIVIL ACTION NO. 17-cv-0839 |
| VERSUS | JUDGE HICKS |
| SHREVEPORT CITY PROSECUTOR | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Albertus Conner, Jr. ("Plaintiff") is a self-represented litigant who has filed approximately 20 civil actions in this court since 1990. All of them but this and another recently-filed action have been dismissed as frivolous, for failure to prosecute, failure to exhaust state remedies, failure to properly complete pauper applications, and the like. Not one of them has been determined to have merit. This complaint also lacks merit.

For the reasons that follow, it is recommended that this civil action be dismissed. It is also recommended that Plaintiff be (1) required to obtain pre-approval from a district judge for any future filings and (2) prohibited from filing in forma pauperis without a certification of good faith from the court. A similar recommendation will issue in 17-cv-0837.

**Authority to Screen Complaint**

Plaintiff is proceeding in forma pauperis, as he has done in his prior cases. In pauper cases, the district court "shall dismiss the case at any time if the court determines that" the complaint is "(I) frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or fact, and "[a] complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

**Relevant Allegations**

Plaintiff's complaint consists of one page of allegations and, attached as an exhibit, a narrative supplement from a police report. Exhibits attached to a complaint are part of the complaint "for all purposes," which includes consideration when assessing a complaint for failure to state a complaint on which relief may be granted. U.S. ex. rel Riley v. St. Luke's Episcopal Hospital, 355 F.3d 370, 375 (5th Cir. 2004); Stockwell v. Kanan, 442 Fed. Appx. 911, 913 (5th Cir. 2011) (applying rule to the screening of a pauper complaint).

The only named defendants are the City of Shreveport and "Shreveport Police." The police report states that the arresting officer was working an extra-duty job at the Eldorado Casino in Shreveport when, at about 11:45 p.m., the officer was standing with the general manager in the lobby area. The manager pointed out a man and told the officer that he thought the man was a "previous eviction" from the property.

That man, who was Plaintiff, was standing behind a column, and the officer said it looked as if he did not want to be seen by the policeman. The officer made contact with Plaintiff and asked for his identification. Plaintiff refused and argued the officer had no probable cause to stop him. The officer replied that he would explain after he received Plaintiff's identification. Plaintiff continued to argue, but the officer eventually got the identification and determined that Plaintiff had not been barred from the premises.

The matter might have ended there except Plaintiff began to curse out the manager, after which the manager said he wanted to permanently bar Plaintiff from the property. The officer told Plaintiff that he was barred and would be arrested for trespassing if he returned. Plaintiff left through the front doors and began walking off the property, but he returned less than a minute later. He told the officer that he forgot his car was in valet parking. The officer told Plaintiff several times that he needed to leave the property, but Plaintiff ignored him or said he would leave "in a minute." The officer eventually told Plaintiff that he would be taken to jail if he did not leave. Plaintiff then put up his hands and said, "Please take me to jail." He walked toward the officer with his hands up and continued to ask the officer to take him to jail. Plaintiff was then arrested and booked into the city jail.

Plaintiff adds to that account that he had stepped out of the foot traffic in the lobby to count his money. As he stood against a column and did so, he "smelled a man's scent close to [him]." He looked up to see the police officer, who asked what he was doing. Plaintiff alleges that he laughed and said, "You know, counting $117. You just counted it with me." The officer asked for ID. Plaintiff alleges that he refused, told the officer that he no authority to invade his privacy without probable cause, and that Plaintiff wanted no contact or investigation. The officer refused, and Plaintiff told him that he was detaining without cause. Plaintiff alleges that he eventually submitted to the officer because of rumors of police beatings. He alleges a violation of Fourth Amendment rights under 42 U.S.C. § 1983 and asks for compensatory damages.

**Lawfulness of the Detention**

Under Terry v. Ohio, 88 S.Ct. 1868 (1968), a police officer may briefly detain a person in public, even without probable cause to arrest them, so long as the officer has reasonable suspicion to believe that criminal activity is afoot. "[Q]uestions concerning a suspect's identity are a routine and accepted part of many Terry stops." Hiibel v. Sixth Judicial District Court, 124 S.Ct. 2451, 2458 (2004). "[I]f there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information." Hayes v. Florida, 105 S.Ct. 1643, 1647 (1985).

The facts presented by Plaintiff show that the police officer had reasonable suspicion to justify a Terry stop. The casino manager told the officer that he thought that Plaintiff had previously been banned from the property, which gave the officer reasonable grounds to suspect that Plaintiff may have been committing a violation of La. R.S. 14:63 (criminal trespass) or 14:63.3 (entry after being forbidden). That gave the officer justification to approach Plaintiff and ask for his identification. Obtaining a suspect's name in the course of a Terry stop serves important government interests. It allows the officer to determine if the suspect is wanted for another offense, has a record of violence, or "it may help clear a suspect and allow the police to concentrate their efforts elsewhere." Hiibel, 124 S.Ct. at 2458.

If Plaintiff had complied with the officer's request and promptly presented his identification, the officer would have been able to determine that Plaintiff had not been banned before, and Plaintiff would have been free to go about his business. Instead, Plaintiff wrongfully insisted that the officer did not have a right to speak to him or ask for his identification, and he cursed out the manager and earned a ban from the property that he did not have before then. The facts alleged by Plaintiff, even when construed in the light most favorable to him, do not state a plausible claim on which relief may be granted. The officer had reasonable suspicion to warrant a Terry stop and request identification. Accordingly, Plaintiff's complaint should be dismissed as frivolous pursuant to Section 1915(e)(2) and for failure to state a claim on which relief may be granted.

**Sanctions Recommendation**

Plaintiff has now filed approximately 20 civil actions, all of them meritless, without paying a filing fee. He has plainly abused the privilege that the court afforded him of filing civil actions without payment of a filing fee. If Plaintiff were a prisoner, he would be subject to the three-strikes ban of Section 1915(g). That statute does not apply to Plaintiff, but his litigation history shows that his actions warrant similar sanctions, as discussed below.

Every paper filed with a court, no matter how repetitious or frivolous, requires some portion of the court's limited resources. A part of the court's responsibility is to see that those resources are allocated in a way that promotes the interests of justice. Martin v. Dist. of Columbia Court of Appeals, 113 S.Ct. 397, 398 (1992). Allowing Plaintiff to continue to consume the court's resources with frivolous filings delays justice for other citizens who have business before the court and does not promote the interests of justice.

A sanction adequate to deter such waste is in order. A court "may structure sanctions necessary or warranted to control its docket and maintain the orderly administration of justice." Goldgar v. Office of Administration, 26 F.3d 32, 36 n. 3 (5th Cir. 1994). Among the available sanctions is a requirement that a litigant "obtain judicial pre-approval of all future filings" or a prohibition against any more in forma pauperis actions without a certification of good faith from the court. Id. Judges in this division are ordinarily cautious about ordering such sanctions, but the sanction has sometimes been found to be the only way to stop a persistent filer of frivolous or abusive litigation. See, e.g., Raz v. Storey, 99 CV 1850, Doc. 282; Simmons v. Malone, 06 CV 200, Docs 12 and 19; Johnson v. Graves, 07 CV 22, Docs. 5 & 7; and Blackwell v. Overton Brooks Medical Center, 05 CV 415, Docs. 19 and

20. The sanctions order in each of those cases ended a string of frivolous actions filed by a pro se plaintiff who had needlessly wasted hundreds of hours of work by judges and chambers employees.

Similar action is appropriate in this case to avoid more wasted resources required by Plaintiff filing additional frivolous complaints. He will almost certainly continue to do so absent preventive measures. The circumstances before the court—approximately 20 civil actions all found to be frivolous or meritless—warrant an order that the Clerk of Court not file any civil complaint submitted by Plaintiff unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. Any motion to proceed in forma pauperis that accompanies such a complaint should also be directed to a district judge for action. Those measures will protect the resources of the judiciary and the public without unduly burdening Plaintiff's ability to access the courts if he ever has a good faith complaint.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed with prejudice as frivolous and for failure to state a claim on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be ordered to decline to file any civil complaint submitted by Albertus Conner, Jr. unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. It is also recommended that any motion to proceed in forma pauperis that accompanies such a complaint be referred to a district judge for action.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of July, 2017.

Mark L. Hornsby
U.S. Magistrate Judge